IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04737-PAB

ADIDE JEAN-GEORGES,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Adide Jean-Georges' Renewed Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Emergency Request for Release or a New Constitutionally Adequate Bond Hearing [Docket No 1].[1] Respondents have filed a response. Docket No. 9.

## I. BACKGROUND[2]

Petitioner is a native and citizen of Haiti. Docket No. 1 at 4, ¶ 1. On or about February 19, 2025, Immigration and Customs Enforcement ("ICE") detained

[1] The Court must construe the application and other papers filed by petitioner liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.
[2] The following facts are undisputed unless otherwise noted.

petitioner. *Id.*, ¶ 3. On May 15, 2026, petitioner, then represented by counsel, filed a habeas petition before the Court, challenging the legality of his detention.[3] *Id.*, ¶ 5; *Jean-Georges v. Baltazar*, 26-cv-02102 (*Jean-Georges I*), Docket No. 1. In *Jean-Georges I*, petitioner stated that Customs and Border Patrol ("CBP") paroled petitioner into the United States on August 15, 2023. *Jean-Georges I*, Docket No. 1 at 2, ¶ 1. After issuing petitioner a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), petitioner was released into the United States and complied with ICE supervision. *Id.*, ¶¶ 1-2. Petitioner brought claims that his detention was governed by 8 U.S.C. § 1226(a) and that his detention violated due process. *Id.* at 15-21, ¶¶ 70-90. On May 27, 2026, the Court granted the habeas petition on the § 1226(a) claim and ordered respondents to provide petitioner with a bond hearing. *Jean-Georges I*, Docket No. 10 at 5. Because the Court granted the habeas petition on the § 1226(a) claim, the Court did not analyze petitioner's due process claims. *Id.* at 4 n.2. Petitioner was denied bond at his bond hearing. *Jean-Georges I*, Docket No. 11.

On September 24, 2026, petitioner, proceeding pro se, filed a new habeas petition in this case. Docket No. 1. Petitioner states that he has now been detained for approximately 18 months and that his detention violates his due process rights.

---

[3] The Tenth Circuit has "held that a court may, Sua sponte, take judicial notice of its own records and preceding records if called to the court's attention by the parties." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citation omitted); *see also Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012) ("we may take judicial notice of public records, including district court filings.") (citation omitted). Both parties have called petitioner's previous case to the Court's attention. Docket No. 1 at 4, ¶ 5; Docket No. 9 at 2. Therefore, the Court takes judicial notice of the filings in *Jean-Georges I*.

*Id.* at 4-5, ¶¶ 6, 10-14. On October 5, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition." Docket No. 9 at 2.

## II. ANALYSIS

Because petitioner was denied bond and has now been detained for over 18 months, the Court finds it appropriate to address petitioner's due process claim. In *Jean-Georges I*, petitioner noted that he was paroled into the United States after being issued a Notice to Appear. *Jean-Georges I*, Docket No. 1 at 2, ¶ 1. Respondents did not dispute that assertion in response to the habeas petition in *Jean-Georges I* and do not dispute that assertion in response to the habeas petition in the instant case. *See generally Jean-Georges I*, Docket No. 9; Docket No. 9.

When a noncitizen is paroled into the United States, "[p]arole shall be automatically terminated without written notice (i) upon the departure from the United States of the [noncitizen], or, (ii) if not departed, at the expiration of the time for which parole was authorized." 8 C.F.R. § 212.5(e)(1). Respondents do not assert that petitioner departed from the United States or that petitioner's parole expired. Thus, 8 C.F.R. § 212.5(2)(i) requires that petitioner's parole to be terminated "upon written notice to the [noncitizen]." Respondents do not assert that they provided petitioner with written notice of the termination of his parole. Thus, given that respondents do not assert that they adhered to federal regulations in revoking petitioner's parole, the Court finds that petitioner's parole was improperly revoked. "Courts across the country routinely hold that ICE violating its own regulations in detaining an individual is a due process violation, and this violation makes the detention unlawful and the proper remedy is release." *Saroyan v. Baltazar*, No. 26-cv-01772-NYW, 2026 WL 2137149, at *3 (D. Colo. July 24, 2026) (citing *Olivera-Martinez v. Valdez*, No. 26-cv-

01120-NYW, 2026 WL 1361538, at *3 (D. Colo. May 15, 2026)) (collecting cases). Therefore, the Court will grant the habeas petition and order petitioner's release from custody.

**CONCLUSION**

Therefore, it is

**ORDERED** that petitioner Adide Jean-Georges' Renewed Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Emergency Request for Release or a New Constitutionally Adequate Bond Hearing [Docket No 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge